IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BEDNAR, Alexander Louis, | ) | Case No. 15-11916-TRC |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| RCB BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No._____ |
| | ) | |
| Alexander Louis BEDNAR, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

RCB Bank brings this Complaint to Determine Dischargeability of Debt as follows:

### Jurisdiction

1.  Alexander Louis Bednar, (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on May 20, 2015.

2.  RCB Bank brings this Complaint pursuant to 11 U.S.C. Section 523(a)(2)(B) to determine the dischargeability of the Debtor's obligations to RCB Bank.

–1–

3. This Court has jurisdiction of the parties and the subject matter herein pursuant to 28 U.S.C. Section 1334.

4. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(I).

5. This Court has jurisdiction of the subject matter by virtue of 28 U.S.C. Section 1334.

6. Venue is proper with this Court pursuant to 11 U.S.C. Section 1409.

## Facts Supporting the Cause of Action

7. On April 30, 2013, the Debtor and his non-filing spouse ("Spouse") made, executed and delivered to RCB Bank a Credit Agreement in the original principal amount of $97,000.00 (the "Credit Agreement").

8. As part and parcel of this transaction and to secure the indebtedness owed under the Credit Agreement, on April 30, 2013, the Debtor and Spouse, made, executed and delivered a Mortgage to RCB Bank granting a mortgage and security interest in and to real property described as:

> **Lots One (1) and Nine (9), in Block Seven (7), of ESPERANZA ADDITION, Section 2, to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof.**
>
> **a/k/a 15721 Via Bella, Edmond, Oklahoma 73013-8567**

(the "Real Property").

9. RCB Bank recorded its Mortgage in the offices of the Oklahoma County Clerk on May 8, 2013 in Book 12239 at Pages 1789 *et seq.*

10. As of July 21, 2015, the Debtor owed RCB Bank the approximate amount of $101,093.76 plus interest accruing at $11.78276 per diem, costs and attorney fees.

11. On April 15, 2013, the Debtor submitted a Home Equity Line of Credit Application (the "Application"), tax returns, and financial statements to RCB Bank in connection with the Credit Agreement.

12. In the Application, the Debtor stated he had been an attorney for 11 years and for the past seven years he was self-employed by Alexander L. Bednar, Inc.

13. In the Application, the Debtor's Spouse stated she had been employed as the office manager of Bednar Law Firm for the past two and one-half years.

14. In the Application, the Debtor failed to inform RCB Bank that less than two weeks earlier (on April 2, 2013) his license to practice law had been suspended for one year by the Supreme Court of Oklahoma.

15. In the Application, the Debtor stated that his income was $11,000 per month, and that his Spouse's income was $10,000 per month from their employment at Alexander L. Bednar, Inc. and Bednar Law Firm.

16. On April 25, 2013, doing independent research, an RCB Bank employee discovered the Debtor's suspension from the practice of law, and specifically inquired as to the Debtor's and his Spouse's income.

17.     The Debtor responded in writing to the RCB Bank employee explaining the viability of his law practice, and specifically stating "All income will still be coming our way."

18.     The Debtor's Application and written communications regarding his financial affairs were given to RCB Bank with the intent to deceive RCB Bank so that it would approve a loan to the Debtor in the amount of $97,000.00.

19.     RCB Bank relied upon the Debtor's Application and his written communications before approving the Credit Agreement wherein the Debtor borrowed $97,000.00 from RCB Bank.

20.     Upon RCB Bank's review of the Debtor's Statement of Financial Affairs, the Debtor's written statements about his income were materially false. Statement of Financial Affairs Question No. 1 shows:

   a. 2013 income:

   $12,684 -- income from employment
   -$58,009 -- income from rents, royalties, etc.

   b. 2014 income:

   $16,783 -- income from employment
   -$20,104 -- income from real estate, royalties, etc
   -$45,112 -- net operating loss

## CAUSE OF ACTION – 523(a)(2)(B)

21.     RCB Bank realleges and incorporates by reference the allegations set forth in Paragraphs 1-20.

22. The Debtor obtained a line of credit from RCB Bank by:

    a. Use of a statement of writing –

        i. That is materially false,

        ii. Respecting his financial condition,

        iii. On which RCB Bank reasonably relied, and

        iv. That the Debtor caused these statements in writing to be made with intent to deceive.

**WHEREFORE**, RCB Bank prays that this Court determine that the debt owed by the Debtor in the amount of $101,093.76 as of July 21, 2015 plus interest accruing at 11.78276 per diem, costs and attorney's fees be nondischargeable pursuant to 11 U.S.C. Section 523(a)(2)(B), and for such other and further relief as this Court deems just and proper.

*Dated this 17th day of August, 2015.*

                      RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS

                      */s/ Scott P. Kirtley*
                      Scott P. Kirtley, OBA #11388
                      502 W. 6th Street
                      Tulsa, Oklahoma 74119
                      (918) 587-3161
                      (918) 587-9708 (fax)

                      Attorneys for RCB Bank