**Dated: January 12, 2016**

**The following is ORDERED:**



Tom R. Cornish
U.S. Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

In Re:

ALEXANDER LOUIS BEDNAR                     Case No:  15-11916-TRC
                                           Chapter  7

                Debtor.

RCB BANK,

                Plaintiff,

v.                                         Adv. No. 15-01248-TRC

ALEXANDER LOUIS BEDNAR,

                Defendant.

**ORDER DENYING MOTION TO DISMISS**

    Before the Court is Defendant Alexander Louis Bednar's Motion to Dismiss Complaint (Doc. No. 4) and Defendant RCB Bank's Objection (Doc. No. 5).  The Court heard oral arguments on the Motion and Objection.  After considering the arguments, pleadings, and applicable law, for the reasons stated herein, the Court finds that the Motion should be denied and Defendant Bednar should

file an answer to the Complaint .

Bednar seeks dismissal pursuant to Rule 12(b)(6), arguing that RCB Bank has failed to state a claim upon which relief may be granted. RCB Bank's Complaint is brought pursuant to 11 U.S.C. §523(a)(2)(B) to determine the dischargeability of Bednar's obligations to RCB Bank. To prevail under §523(a)(2)(B), RCB Bank must establish, by a preponderance of the evidence, that Bednar used a statement in writing (i) that is materially false; (ii) respecting Bednar's or an insider's financial condition; (iii) on which RCB Bank reasonably relied; and (iv) that Bednar caused the statement to be made with intent to deceive.

Bednar argues that RCB Bank cannot state a claim because it cannot show reliance in fact, that is, that it actually relied upon the financial information furnished to it in evaluating whether to issue the loan. Bednar also argues that RCB Bank's reliance on his loan application was not reasonable. In support of his argument, Bednar alleges that RCB Bank did not adequately investigate his income after being notified of discrepancies in his loan application, and that it did not rely on his income to extend the loan but on the substantial equity in the home it took as collateral.

Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure. In deciding a motion to dismiss, a court's job is not to weigh potential evidence but to determine whether the plaintiff's complaint alone is legally sufficient, and states a claim that is plausible on its face. *Williams v. Taylor*, 561 Fed. Appx. 695 (10th Cir. 2014) (citations omitted). A court must presume all of the plaintiff's factual allegations are true and construe them in the light most favorable to the plaintiff. *Id.* Bednar's motion, however, is based upon his interpretation of facts that are not in evidence. He asks this Court to make findings regarding what information RCB Bank relied upon, the proper weight it should or should not have given to the information presented, and whether its reliance on

that information was reasonable. In fact, Bednar asks that this Court find RCB Bank's reliance was *per se* unreasonable. These are factual issues which cannot and should not be decided in a motion to dismiss. *See, e.g. In re Cribbs*, 2006 WL 1875366 (10th Cir. July 7, 2006)(reasonableness of bank's reliance on a financial statement determined under particular facts of the case.)

The Court finds that the allegations in the Amended Complaint are sufficient to state a claim for relief against Bednar. The allegations clearly set forth the facts supporting RCB Bank's claims against Bednar, and are not mere threadbare recitals. The Complaint identifies specific facts regarding the loan application, the alleged false information therein regarding Bednar's financial condition obtained from other sources, the follow-up correspondence from Bednar which affirmed the financial information in the loan application, and contrasts that with information provided in Bednar's bankruptcy schedules. When these allegations are taken as true, the Court finds that it is plausible and not merely possible that RCB Bank will be entitled to relief under § 523(a)(2)(B). *See Christy Sports, LLC v. Deer Valley Resort Co. LTD.,* 555 F.3d 1188 (10th Cir. 2009). Thus, Bednar's Motion should be denied.

IT IS THEREFORE ORDERED that Defendant Bednar's Motion to Dismiss (Doc. No. 4) is hereby **denied.**

IT IS FURTHER ORDERED that Defendant Bednar shall file an answer to the Complaint on or before **January 26, 2016.**

###